UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DANNY VOUDRY, | ) | CIV. 09-4033-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ED LIGTENBERG, Director, State of | ) | |
| South Dakota Board of Pardons and | ) | |
| Paroles; KEN SMITH, Counselor, Sioux | ) | |
| Empire Christian Center; CHRISTIAN | ) | |
| KIESO, Polygrapher, Kieso Polygraph | ) | |
| Service; ROBIN DOORN, Polygrapher, | ) | |
| Veracity Research, Inc.; KRIS PETERSON | ) | |
| Prison Employee; STATE OF SOUTH | ) | |
| DAKOTA; and TRAVIS RIPPERDA, | ) | |
| Parole Officer, Parole Services, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is an inmate currently confined at the Mike Durfee State Prison in Springfield, South Dakota. He filed this action pursuant 42 U.S.C. § 1983, alleging that his constitutional rights have been violated due to the fact that South Dakota requires paroled sex offenders (and only sex offenders) to submit to polygraph examinations. The Court dismissed plaintiff's complaint on screening for failure to state a claim upon which relief might be granted.

Plaintiff now comes with a motion for reconsideration. In his motion, plaintiff argues that his claim, when properly evaluated under the Fourteenth Amendment's Equal Protection Clause, should survive screening. The Court does not agree.

Plaintiff is not a member of a protected class, or are any of his fundamental rights violated by the state's policy to subject sex offenders to polygraph examination. As such, to support a valid claim under the Equal Protection Clause, plaintiff must show that "similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003). The rational-relation test is not a difficult standard for the state to meet, and clearly the state has legitimate penal interests in ensuring that sex offenders are being candid and honest in their representations to law enforcement and parole officers. Those interests, to name a few, are protection of the public, and ensuring that sex offenders on parole are sufficiently rehabilitated to justify being released into the community.

Subjecting sex offenders to polygraph examinations bears a rational relation to legitimate penal interests. As such, plaintiff has failed to state a claim under the Fourteenth Amendment upon which relief may be granted. Furthermore, the Court reminds plaintiff of the holding from Allison v. Snyder, in which the Seventh Circuit Court of Appeals stated that "it is not clearly established (indeed, it is not the law)

that . . . polygraph machines are forbidden when treating sex offenders." 332 F.3d 1076, 1081 (7th Cir. 2002). For these reasons, and for reasons stated in the Court's previous Order, it is hereby

ORDERED that plaintiff's motion for reconsideration (Docket #8) is denied.

Dated this 26 day of June, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE